IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LEAGUE OF WOMEN VOTERS OF WISCONSIN,

    Plaintiff,

  v.

DEAN KNUDSON, JULIE M. GLANCEY, ROBERT F. SPINDELL, JR., MARK L. THOMSEN, ANN S. JACOBS, MARGIE BOSTELMANN, in their official capacity as members of the Wisconsin Elections Commission, and MEAGAN WOLFE, in her official capacity as the Administrator of the Wisconsin Elections Commission,

    Defendants.

Case No: 21-cv-805

**ANSWER OF DEFENDANTS, IN THEIR OFFICIAL CAPACITIES, TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COME Defendants Dean Knudson, Julie M. Glancey, Robert F. Spindell, Jr., Mark L. Thomsen, Ann S. Jacobs, and Marge Bostelmann, in their official capacities as members of the Wisconsin Elections Commission, and Defendant Meagan Wolfe, in her official capacity as the Administrator of the Wisconsin Elections Commission, by their undersigned counsel, and as their Answer to the Complaint for Declaratory and Injunctive Relief ("Complaint"), admit, deny, and allege as follows:

**INTRODUCTORY STATEMENT REGARDING CURRENT STATUS**

The Complaint in this matter raises a discrete issue related to the voter registration status of a small percentage of voters who were identified as potentially having moved based upon data received in 2019 from the Election Registration Information Center ("ERIC"). The crux of Plaintiff's Complaint is the allegation that the Wisconsin Elections

Commission ("WEC" or the "Commission") deactivated the registration of such voters without notice to them.

The Complaint relates only to the 2019 ERIC list. This is because, for ERIC lists received thereafter, the Commission has adopted a policy that extracts itself from the process of deactivating so-called "mover" voters and leaves that task to the discretion of local clerks – who, if they elect to deactivate such voters, must first provide affected voters with 30-day notice letters. The discrete issue raised in Plaintiff's Complaint, therefore, is no longer an issue for Wisconsin voters.

### RESPONSES TO SPECIFIC PARAGRAPHS OF THE COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Answering the allegations of paragraph 1 of the Complaint, Defendants admit that, in October 2019, the Commission mailed 232,579 letters to voters that it concluded had potentially moved based upon its analysis of data it received from ERIC. Defendants state that the remaining allegations of paragraph 1 of the Complaint are characterizations of and quotations from written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 1 of the Complaint to the extent inconsistent with the letters actually mailed to the affected voters; the record in the prior action before this Court, *League of Women Voters of Wisconsin, et al. v. Knudson, et al.*, Case No. 19-cv-1029-jdp (W.D. Wis.) (the "Prior Action"); and the record of the prior state court action, *State ex rel. Zignego v. Wisconsin Elections Commission*, Case No. 2019CV449 (Ozaukee Cty. Cir. Ct.) (the "*Zignego* Action"). See also Introductory Statement Regarding Current Status.

2. Answering the allegations of paragraph 2 of the Complaint, Defendants state that such allegations are characterizations of and quotations from written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 2 of the Complaint to the extent inconsistent with the record in the Prior Action.

3. Answering the allegations of paragraph 3 of the Complaint, Defendants admit that 31,854 voters were deactivated on July 31, 2021, after such voters failed to update their registration at a new address or affirm their registration at their same address.

4. Answering the allegations of paragraph 4 of the Complaint, Defendants state that such allegations are characterizations of and quotations from written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 4 of the Complaint to the extent inconsistent with the record in the Prior Action and the October 2019 letters mailed to affected voters. See also Introductory Statement Regarding Current Status.

5. Answering paragraph 5 of the Complaint, Defendants state that Plaintiff's characterizations of "unlawful deactivation," "violat[ions] [of] the Due Process Clause of the Fourteenth Amendment," and "constitutional violation" constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative. Defendants deny information sufficient to form a belief as to the remaining allegations contained in paragraph 5 and, therefore, deny the same. See also Introductory Statement Regarding Current Status.

6. Answering the allegations of paragraph 6 of the Complaint concerning the October 2019 letter mailed to affected voters and representations made in the Prior Action,

Defendants state that such allegations are characterizations of written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 6 of the Complaint to the extent inconsistent with the record in the Prior Action and the October 2019 letters mailed to affected voters. Defendants admit that 31,854 voters were deactivated on July 31, 2021, after such voters failed to update their registration at a new address or affirm their registration at their same address, but state that the remaining statements in paragraph 6 constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative. See also Introductory Statement Regarding Current Status.

7. Answering paragraph 7 of the Complaint, Defendants do not contest the jurisdiction of this Court.

8. Answering paragraph 8 of the Complaint, Defendants deny that an award of attorneys' fees and costs is appropriate but do not contest the jurisdiction of this Court.

9. Answering paragraph 9 of the Complaint, Defendants do not contest the personal jurisdiction of this Court.

10. Answering paragraph 10 of the Complaint, Defendants do not contest venue.

11. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 11 and, therefore, deny the same.

12. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 12 and, therefore, deny the same.

13. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 13 and, therefore, deny the same.

14. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 14 and, therefore, deny the same.

15. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 15 and, therefore, deny the same.

16. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 16 and, therefore, deny the same.

17. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 17 and, therefore, deny the same.

18. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 18 and, therefore, deny the same.

19. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 19 and, therefore, deny the same.

20. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 20 and, therefore, deny the same.

21. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 21 and, therefore, deny the same.

22. Answering the allegations of paragraph 22 of the Complaint, Defendants deny Plaintiff's characterization of "mass and error-prone deactivation," but otherwise deny information sufficient to form a belief as to the allegations contained in paragraph 22 and, therefore, deny the same.

23. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 23 and, therefore, deny the same.

24. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 24 and, therefore, deny the same.

25. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 25 and, therefore, deny the same.

26. Answering the allegations of paragraph 26 of the Complaint, Defendants state that Plaintiff's characterization of "31,854 unlawfully deactivated registered Wisconsin voters" constitutes a legal conclusion, rather than a factual allegation, to which no response is required but which is denied in the alternative. Defendants deny information sufficient to form a belief as to the remainder of the allegations contained in paragraph 26 and, therefore, deny the same.

27. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 27 and, therefore, deny the same.

28. Answering the allegations of paragraph 28 of the Complaint, Defendants state that Plaintiff's characterization of "unlawfully deactivated" voters constitutes a legal conclusion, rather than a factual allegation, to which no response is required but which is denied in the alternative. Defendants deny information sufficient to form a belief as to the remainder of the allegations contained in paragraph 28 and, therefore, deny the same.

29. Answering the allegations of paragraph 29 of the Complaint, Defendants state that Plaintiff's characterizations of an "unlawful purge" of voters and "non-compliance with federal constitutional due process requirements" constitute legal conclusions, rather than factual allegations, to which no response is required but which are

denied in the alternative. Defendants deny information sufficient to form a belief as to the remainder of the allegations contained in paragraph 29 and, therefore, deny the same.

30. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 30 and, therefore, deny the same.

31. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 31 concerning Plaintiff's work and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 31.

32. Answering paragraph 32 of the Complaint, Defendants admit.

33. Answering paragraph 33 of the Complaint, Defendants admit.

34. Defendants admit that paragraph 34 of the Complaint accurately quotes the Wisconsin Constitution and Wis. Stat. § 6.02(1).

35. Answering the allegations of paragraph 35 of the Complaint, Defendants state that the statements contained therein constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative.

36. Answering the allegations of paragraph 36 of the Complaint, Defendants admit that the Commission provides data for current driver's license and ID holders and registered voters. Answering the remaining allegations of paragraph 36, Defendants state that the statements contained therein characterizing 2015 Wisconsin Act 261 are legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative. Defendants further deny information sufficient to form a belief as to the remaining allegations contained in paragraph 36 concerning ERIC's structure and activities and, therefore, deny the same.

37. Answering the allegations of paragraph 37 of the Complaint, Defendants admit that the Commission has used data received from ERIC to mail letters to voters that it concluded, based upon analysis of ERIC data, had potentially moved. Such letters speak for themselves, and Defendants accordingly deny the remaining allegations of paragraph 37 of the Complaint to the extent inconsistent with the letters actually mailed to the affected voters.

38. Answering the allegations of paragraph 38 of the Complaint, Defendants admit that ERIC provided reports in 2017 and 2019, and further admit that, in 2019, ERIC supplied information indicating mismatches in addresses for 234,039 voters. Defendants further admit that the Commission mailed 232,579 letters to voters that it concluded had potentially moved based upon its analysis of the data received from ERIC (a number reduced by 1,460 voters who had already re-registered to vote at new addresses). Such letters speak for themselves, and Defendants accordingly deny the remaining allegations of paragraph 38 of the Complaint to the extent inconsistent with the letters actually mailed to the affected voters.

39. The October 2019 letters speak for themselves, and Defendants accordingly deny the allegations of paragraph 39 of the Complaint to the extent inconsistent with the letters actually mailed to the affected voters. Further, Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 39 concerning Plaintiff's motivations for bringing the Prior Action and, therefore, deny the same. Defendants state that the statements contained in the last sentence of paragraph 39

constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative.

40. Answering paragraph 40 of the Complaint, Defendants state that the statements contained therein constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative.

41. Answering paragraph 41 of the Complaint, Defendants state that the statements contained therein constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative.

42. Answering the allegations of paragraph 42 of the Complaint, Defendants admit that, in the 2017-2018 ERIC period, the Commission found that 82.6 percent of the "movers" were in-state movers. Defendants state that the remaining statements in paragraph 42 constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative.

43. Defendants deny information sufficient to form a belief as to the allegations contained in the first sentence of paragraph 43 and, therefore, deny the same. Defendants state that the remaining statements in paragraph 43 constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative. See also Introductory Statement Regarding Current Status.

44. Defendants admit the first sentence of paragraph 44 of the Complaint. Answering the remaining allegations of paragraph 44, Defendants state that such allegations are characterizations of written documents that speak for themselves.

Accordingly, Defendants deny the remaining allegations of paragraph 44 of the Complaint to the extent inconsistent with the record in the *Zignego* Action.

48. Answering the allegations of paragraph 45 of the Complaint, Defendants state that such allegations are characterizations of written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 45 of the Complaint to the extent inconsistent with the record in the *Zignego* Action.

46. Answering the allegations of paragraph 46 of the Complaint, Defendants state that such allegations are characterizations of written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 46 of the Complaint to the extent inconsistent with the record in the *Zignego* Action.

47. Answering the allegations of paragraph 47 of the Complaint, Defendants state that such allegations are characterizations of written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 47 of the Complaint to the extent inconsistent with the record in the Prior Action.

48. The October 2019 letters speak for themselves, and Defendants accordingly deny the allegations of paragraph 48 of the Complaint to the extent inconsistent with the letters actually mailed to the affected voters.

49. The October 2019 letters speak for themselves, and Defendants accordingly deny the allegations of paragraph 49 of the Complaint to the extent inconsistent with the letters actually mailed to the affected voters. Further, Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 49 concerning

Wisconsin voters' interpretations of the October 2019 letters and, therefore, deny the same. See also Introductory Statement Regarding Current Status.

50. Answering the allegations of paragraph 50 of the Complaint, Defendants state that such allegations are characterizations of and quotations from written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 50 of the Complaint to the extent inconsistent with the record in the Prior Action.

51. Answering the allegations of paragraph 51 of the Complaint, Defendants state that such allegations are characterizations of and quotations from written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 51 of the Complaint to the extent inconsistent with the record in the Prior Action. See also Introductory Statement Regarding Current Status.

52. Answering the allegations of paragraph 52 of the Complaint, Defendants state that such allegations are characterizations of written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 52 of the Complaint to the extent inconsistent with the record in the Prior Action.

53. Defendants deny information sufficient to form a belief as to the allegations contained in the last sentence of paragraph 53 of the Complaint concerning this Court's alleged reliance and, therefore, deny the same. Answering the remaining allegations of paragraph 53, Defendants state that such allegations are characterizations of and quotations from written documents that speak for themselves. Accordingly, Defendants deny the remaining allegations of paragraph 53 of the Complaint to the extent inconsistent with the record in the Prior Action.

54. Answering the allegations of paragraph 54 of the Complaint, Defendants state that such allegations are characterizations of written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 54 of the Complaint to the extent inconsistent with the record in the *Zignego* Action.

55. Answering the allegations of paragraph 55 of the Complaint, Defendants admit that 69,441 voters remained on the 2019 ERIC list following the April 2021 spring election, that 37,587 of those were already scheduled to be deactivated as part of the four-year voter record maintenance, and that 31,854 voters were therefore left on the movers list. Answering the remaining allegations of paragraph 55, Defendants state that such allegations are characterizations of the minutes of the Commission's June 10, 2021 meeting, which are publicly available and speak for themselves. Accordingly, Defendants deny the allegations of paragraph 55 of the Complaint to the extent inconsistent with the minutes of the Commission's June 10, 2021 meeting. See also Introductory Statement Regarding Current Status.

56. Answering the allegations of paragraph 56 of the Complaint, Defendants admit that 31,854 voters were deactivated on July 31, 2021, after such voters failed to update their registration at a new address or affirm their registration at their same address.

57. Answering the allegations of paragraph 57 of the Complaint, Defendants state that such allegations are characterizations of and quotations from written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 57 of the Complaint to the extent inconsistent with the record in the Prior Action.

58. Answering the allegations of paragraph 58 of the Complaint, Defendants admit that 31,854 voters were deactivated on July 31, 2021, after such voters failed to update their registration at a new address or affirm their registration at their same address, and that the Commission did not mail additional letters to such voters following October 2019. Defendants further state that paragraph 58 contains quotations from a written press release from the Commission, which is publicly available and speaks for itself. Accordingly, Defendants deny the allegations of paragraph 58 of the Complaint to the extent inconsistent with such press release.

59. Answering the allegations of paragraph 59 of the Complaint, Defendants admit that the Commission did not mail additional letters following October 2019. Defendants further state that the October 2019 letters speak for themselves, and Defendants accordingly deny the allegations of paragraph 59 of the Complaint to the extent inconsistent with the letters actually mailed to the affected voters. Defendants state that the statements contained in the final sentence of paragraph 59 constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative. See also Introductory Statement Regarding Current Status.

60. Answering the allegations of paragraph 60 of the Complaint, Defendants state that such allegations are characterizations of and quotations from written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 60 of the Complaint to the extent inconsistent with the record in the *Zignego* Action. See also Introductory Statement Regarding Current Status.

61. Answering the allegations of paragraph 61 of the Complaint, Defendants state that such allegations are characterizations of and quotations from written documents that speak for themselves. Accordingly, Defendants deny the allegations of paragraph 61 of the Complaint to the extent inconsistent with the record in the Prior Action. Defendants state that the statements contained in the final two sentences of paragraph 61 constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative. See also Introductory Statement Regarding Current Status.

62. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 62 and, therefore, deny the same.

63. Answering the allegations of paragraph 63 of the Complaint, Defendants admit that the 2017 ERIC list identified 282,448 voters with a mismatch in their address that could have indicated they had moved within the state, that 6,153 voters requested continuation of their registration, that Commission staff reactivated the registrations of 12,133 voters, that 5,984 voters continued their registration through the Supplemental Movers Poll List, and that 38,430 voters were reactivated by their municipalities. Defendants deny the remaining allegations of paragraph 63.

64. Answering the allegations of paragraph 64 of the Complaint, Defendants admit that 16,390 voters on the original 2019 ERIC list had updated or affirmed their registrations at the same address.

65. Answering the allegations of paragraph 65 of the Complaint, Defendants state that such allegations are characterizations of and quotations from a video recording

that is publicly available and that speaks for itself. Accordingly, Defendants deny the allegations of paragraph 65 of the Complaint to the extent inconsistent with the video recording of the June 10, 2021 meeting.

66. Answering the allegations of paragraph 66 of the Complaint, Defendants incorporate by reference their answers to the preceding paragraphs of the Complaint as if fully set forth herein.

67. Answering paragraph 67 of the Complaint, Defendants state that the statements contained therein constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative.

68. Answering paragraph 68 of the Complaint, Defendants state that the statements contained therein constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative.

69. Answering paragraph 69 of the Complaint, Defendants state that the statements contained therein constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative.

70. Answering paragraph 70 of the Complaint, Defendants state that the statements contained therein constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative.

71. Answering paragraph 71 of the Complaint, Defendants state that the statements contained therein constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative.

72. Answering paragraph 72 of the Complaint, Defendants state that the statements contained therein constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative.

73. The October 2019 letters speak for themselves, and Defendants accordingly deny the allegations of paragraph 73 of the Complaint to the extent inconsistent with the letters actually mailed to the affected voters. See also Introductory Statement Regarding Current Status.

74. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 74 concerning Wisconsin voters' interpretations of the October 2019 letters and, therefore, deny the same. Defendants state that the remaining statements in paragraph 74 constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative. See also Introductory Statement Regarding Current Status.

75. Answering the allegations of paragraph 75 of the Complaint, Defendants admit that 16,390 voters on the original 2019 ERIC list had updated or affirmed their registrations at the same address. Defendants state that the remaining statements in paragraph 75 constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative.

76. Defendants deny information sufficient to form a belief as to the allegations contained in paragraph 76 and, therefore, deny the same. See also Introductory Statement Regarding Current Status.

77. Answering paragraph 77 of the Complaint, Defendants state that the statements contained therein constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative.

78. Answering paragraph 78 of the Complaint, Defendants state that the statements contained therein constitute legal conclusions, rather than factual allegations, to which no response is required but which are denied in the alternative. See also Introductory Statement Regarding Current Status.

79. Any allegation in the Complaint not expressly admitted is denied.

80. Answering the "Prayer for Relief," Defendants deny that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants acted in good faith in evaluating the data provided in the 2019 ERIC list and properly exercised their statutory duties.

3. Plaintiff's claim may be moot, in whole or in part, as a result of actions of the Commission taken with respect to post-2019 ERIC lists.

4. Defendants reserve all rights under the law to assert in the future additional affirmative defenses to the Complaint as they become known to Defendants during the course of the litigation.

WHEREFORE, Defendants demand: (a) dismissal of the Complaint on the merits and with prejudice; and (b) such further relief as may be appropriate.

Dated this 1st day of March, 2022.

**DEWITT LLP**

By:   */s/ Jon P. Axelrod*
    Jon P. Axelrod (WI Bar No. 1012131)
    Deborah C. Meiners (WI Bar No. 1074114)
    Two East Mifflin Street, Suite 600
    Madison, WI 53703-2865
    608-255-8891
    jpa@dewittllp.com
    dcm@dewittllp.com

    Attorneys for Defendants