IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LEAGUE OF WOMEN VOTERS OF WISCONSIN,

    *Plaintiff*,

v.

No. 21-cv-805-jdp

DON M. MILLIS, JULIE M. GLANCEY, ROBERT F. SPINDELL, JR., MARK L. THOMSEN, ANN S. JACOBS, MARGE BOSTELMANN, in their official capacity as members of the Wisconsin Elections Commission, MEAGAN WOLFE, in her official capacity as the Administrator of the Wisconsin Elections Commission,

    *Defendants*.

## STIPULATION

Now come the Plaintiff League of Women Voters of Wisconsin ("Plaintiff") and Defendants Don M. Millis[1], Julie M. Glancey, Robert F. Spindell, Jr., Mark L. Thomsen, Ann Jacobs and Marge Bostelmann, in their official capacities as members of the Wisconsin Elections Commission, and Meagan Wolfe, in her official capacity as Administrator of the Wisconsin Elections Commission ("Defendants") (collectively, the "Parties"), by their respective undersigned attorneys, and stipulate as follows:

## INTRODUCTION

1. This is an action brought pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

---

[1] While this case was pending, Dean Knudson resigned from his position as a member of the Wisconsin Elections Commission. Don M. Millis has succeeded Mr. Knudson and, pursuant to Federal Rule of Civil Procedure 25(d), is automatically substituted as a party.

2. In October 2019, the Electronic Registration Information Center ("ERIC") supplied information to the State of Wisconsin indicating potential discrepancies based on comparisons of DMV data and the addresses for 234,039 registered Wisconsin voters. This reporting is provided in accordance with Wis. Stat. § 6.36(1)(ae) and the ERIC Membership Agreement.

3. In October 2019, the Wisconsin Elections Commission ("WEC") mailed 232,579 letters to voters that it concluded had potentially moved based upon its analysis of the data received from ERIC. Such 232,579 voters had the status of "Active-Movers" in the statewide voter registration database. WEC did not send letters to 1,460 voters who had already re-registered to vote at new addresses and were therefore not on the "Active-Movers" list.

4. On or about July 31, 2021, the WEC deactivated the registrations of 31,854 of these registered Wisconsin voters after such voters exercised none of the options offered by the WEC and, therefore, still had the status of "Active-Movers" in the statewide voter registration database at the time of the deactivation of their registrations.

5. Plaintiff brought suit alleging that Defendants, the members and Administrator of the WEC, unlawfully deactivated the registrations of these 31,854 registered Wisconsin voters without notice. In its Complaint, Plaintiff sought the reactivation of those voters, as well as reasonable attorneys' fees and costs. Dkt. 1 at 30.

6. Defendants' Amended Answer disputes certain of the allegations in the Complaint, and specifically objects to Plaintiff's request for attorneys' fees and costs. Dkt. 16. Defendants' Amended Answer also states that the WEC has already adopted a policy that extracts itself from the process of deactivating "Active-Movers" voters identified

by ERIC and instead leaves that task to the discretion of municipal clerks or boards of election commissioners – who, if they elect to deactivate "Active-Movers" voters identified by ERIC, must first provide affected voters with notice pursuant to Wis. Stat. § 6.50(3).

7. The Parties have met and conferred and engaged in good-faith negotiations in an effort to resolve this matter. In consideration of the time, expense and uncertainty of further litigation, the Parties have agreed to a resolution on the following terms, which the Parties agree are just and equitable.

## AGREEMENT

8. Defendants agree that, within thirty (30) days of the execution and filing of this stipulation, WEC staff shall reactivate the registrations of the 31,854 voters described in Paragraph 56 of the Complaint [Dkt. No. 1] and which were deactivated on July 31, 2021. The Parties agree that this reactivation should not include any of the 31,854 voters who re-registered after July 31, 2021. The Parties understand that this reactivation does not preclude subsequent deactivation of any of these 31,854 voters' registrations on any lawful basis, provided that any such deactivation is consistent with all Wisconsin state laws, all federal laws, and all state and federal constitutional requirements including but not limited to those mandated by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Defendants agree to file a Declaration with this Court from a competent witness once the reactivation outlined above has been accomplished so notifying the Court.

9. Defendants agree that, prospectively, the WEC will not deactivate, direct municipal clerks to deactivate, or provide guidance indicating municipal clerks should deactivate

registrations of those identified as potential movers within the State of Wisconsin, where those voters were identified by ERIC for deactivation, unless—prior to that deactivation—such voters receive (1) notice of the potential for deactivation if they do not take any of the necessary actions to prevent deactivation and (2) an opportunity to take any necessary action(s) to prevent deactivation. Notwithstanding the above, the WEC may deactivate the registrations of any Wisconsin voters identified as possibly having moved in state, provided they are also subject to deactivation for a separate lawful basis, and provided that any such deactivation is consistent with all Wisconsin state laws, all federal laws, and all state and federal constitutional requirements including but not limited to those mandated by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

10. After Defendants file the required Declaration with this Court stating that the reactivation has been accomplished, Plaintiff agrees to the voluntary dismissal of this matter by stipulation, as described in Paragraph 11.

11. After Defendants file the required Declaration with this Court stating that the reactivation has been accomplished, the Parties consent to and, at that time, will request a dismissal of this matter by joint stipulation. The Parties agree that that stipulated dismissal will be with prejudice and without costs or fees to either Party, provided however, that if any Party in good faith believes that there has been a violation of this Stipulation, such Party is free to seek appropriate relief from the Court.

12. Nothing in this Stipulation shall be construed as an admission by any party to liability or to the legality of any action related to this lawsuit.

DATE:  July 13, 2022                                  Respectfully submitted,

*/s/ Jon Sherman*

Jon Sherman
D.C. Bar No. 998271
Michelle Kanter Cohen
D.C. Bar No. 989164
Cecilia Aguilera
D.C. Bar No. 1617884
Fair Elections Center
1825 K St. NW, Ste. 450
Washington, D.C. 20006
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
caguilera@fairelectionscenter.org
(202) 331-0114

Daniel S. Lenz
Wis. Bar No. 1082058
Law Forward, Inc.
222 W. Washington Ave., Ste 250
P.O. Box 326
Madison, WI 53703-0326
dlenz@lawforward.org
(608) 556-9120

Douglas M. Poland, SBN 1055189
Jeffrey A. Mandell, SBN 1100406
STAFFORD ROSENBAUM LLP
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
dpoland@staffordlaw.com
jmandell@staffordlaw.com
608.256.0226

*Counsel for Plaintiff*

*/s/ Deborah C. Meiners*

Deborah C. Meiners
Wis Bar No. 1074114

Jon P. Axelrod
Wis. Bar No. 1012131
DeWitt LLP
Two East Mifflin Street, Suite 600
Madison, WI 53703-2865
jpa@dewittllp.com
dcm@dewittllp.com
608-255-8891

*Counsel for Defendants*